## In the Matter of Wiener

Disciplinary Board Docket no. 2 D.B. 1999.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

TETI, *Chair,* November 19, 2004—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court

of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, Eric Jeffrey Weiner, filed a petition for reinstatement to the bar of Pennsylvania on June 19, 2003. Petitioner was suspended for five years retroactive to January 12, 1999, by order of the Supreme Court of Pennsylvania dated February 28, 2003.

A reinstatement hearing was held on April 23, 2004, before Hearing Committee 3.03 comprised of Chair Francis E. Marshall Jr., Esquire, and Members Joanne Ludwikowski, Esquire, and Charles Owen Beckley III, Esquire. Petitioner was represented by Robert H. Davis, Esquire. Petitioner testified at the hearing and presented the testimony of 13 witnesses. He produced letters of character and support from four additional persons.

The Hearing Committee filed a report on July 7, 2004, and recommended that petitioner be reinstated to the practice of law.

No briefs on exception were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting on September 27, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner is Eric Jeffrey Wiener. He was born in 1946 and was admitted to the practice of law in Pennsyl-

vania in 1973. His address is 4505 Lakeside Drive, Harrisburg, PA 17110.

(2) Petitioner was suspended from the practice of law for five years, retroactive to January 12, 1999, by order of the Supreme Court of Pennsylvania dated February 28, 2003.

(3) Petitioner was convicted in 1998 of two counts of wire fraud for his failure to disclose to two potential buyers that he had suspicions that the vehicle he was trying to sell could be stolen.

(4) Petitioner served his criminal sentence in full, paid all expenses relating to his disciplinary suspension and gave clients all required notices relating to his suspension.

(5) During the period in which he was suspended from practice and was awaiting incarceration, petitioner was employed by Harrisburg area businessman Robert Mumma to work for his businesses.

(6) Petitioner was careful to avoid any expectation that his services would involve any type of legal advice or services to Mr. Mumma.

(7) Upon his return from incarceration, petitioner sought out work in fields relating to legal practice. Petitioner was employed by the Harrisburg law firm of Schmidt, Ronca & Kramer and by Aegis Security Insurance Corp.

(8) No part of this employment involved the practice of law.

(9) Petitioner fulfilled his Continuing Legal Education course requirements for reinstatement.

(10) Petitioner supported community activities while suspended, including the Leukemia Society, and provided both moral and financial support for efforts to expand minority employment in the Harrisburg area. He encouraged Schmidt, Ronca & Kramer to expand its support for cerebral palsy fundraising and sponsorship of Dying for a Drink.

(11) Petitioner expressed sincere remorse for his misconduct.

(12) The witnesses who testified were credible persons drawn from a wide variety of settings and professions, including the law, business, and religion. These witnesses represented a broad cross-section of petitioner's former colleagues, community and social contacts.

(13) The character testimony evidenced that petitioner has a good reputation for honesty in the community. He has won the respect of the very community that was most directly impacted by his conviction and subsequent suspension from the bar.

(14) The witnesses testified that the public is aware of the background of petitioner's legal troubles, but the general opinion is that petitioner possesses the characteristics necessary to practice law.

## III. CONCLUSIONS OF LAW

(1) Petitioner has the moral qualifications, competency and learning in the law required to practice law in Pennsylvania.

(2) Petitioner's resumption of the practice of law will be neither detrimental to the integrity and standing of

the bar or the administration of justice, nor subversive of the public interest.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for reinstatement filed by Eric Jeffrey Wiener. Petitioner seeks reinstatement to the bar following his five-year suspension.

Pursuant to Rule 218(a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume the practice of law until reinstated by the Supreme Court of Pennsylvania. In order for petitioner to gain reinstatement, he has the burden of proving by clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law required for admission to practice law in this Commonwealth. In addition, petitioner has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or administration of justice, nor subversive of the public interest. Rule 218(c)(3)(i), Pa.R.D.E.

A reinstatement proceeding is a searching inquiry into a lawyer's present professional and moral fitness to resume the practice of law. The object of concern is not solely the transgressions which gave rise to the lawyer's suspension, but rather the nature and extent of the rehabilitation efforts undertaken, and the degree of success achieved in the rehabilitative process. *Philadelphia Newspapers Inc. v. Disciplinary Board of the Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

Petitioner was convicted of two counts of wire fraud following his attempt to sell a vehicle he suspected may have been stolen. Petitioner served his criminal sentence and has completed all requirements of the Disciplinary Board relating to his suspension.

While suspended, petitioner made good use of his time by working for businessman Robert Mumma, the law firm of Schmidt, Ronca & Kramer, and Aegis Security Insurance Company. He was able to effectively use his legal abilities while not actually practicing law. All of his employers were well aware of his status as a suspended lawyer and treated him accordingly. Petitioner kept apprised of the current law through his work and his reading of various periodicals and advance sheets. Additionally, petitioner engaged in good works for his community, volunteering time to the Leukemia Society, among others.

Members of petitioner's community think highly of petitioner, and, though they are clearly aware of his legal troubles, they believe that petitioner has put this behind him and is a competent, fit person to practice law in their community.

Petitioner demonstrated sincere remorse for his actions and the shame they brought on the legal profession. He showed awareness of his wrongdoing and emphasized the fact that it will not again occur. His future plans include starting a dialysis center business with a physician. He believes that he will practice law only in a secondary capacity, such as representing his new venture in general matters.

Petitioner has presented conclusive evidence that he has rehabilitated himself and is fit to practice law. Petitioner has met with clear and convincing evidence his burden of proving that he is morally qualified, competent and learned in the law. Furthermore, the board finds that petitioner's re-admission will not be detrimental to the bar or the public. For these reasons the board recommends that petitioner be reinstated to the practice of law.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that petitioner, Eric Jeffrey Wiener, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Nordenberg did not participate in the September 27, 2004 adjudication.

Board Member Gephart recused himself.

## ORDER

And now, January 31, 2005, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated November 19, 2004, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.